Colcock, J.
In order to determine the question involved in the first ground, it becomes necessary to consider what are the powers given to the ordinary’s by the act, in such cases as the one before us? the' trust .of an administrator being one of great responsibility and not unfrequently involving duties of a difficult character/ and liabilities to a great amount?
The legislature thought proper to provide a mean wherebj securities might protect themselves from the injudicious or vicious conduct of their principals. To this end it. Was enacted that “ if the securities for administrators conceive *416 themselves in danger of being injured by such secuntyship they may petition the court, to whom they stand bound, for relief, which court shall summon the administrator to appear and thereupon make such order or decree as shall be sufficient to give relief to the petitioner.” In the exercise of this power the Ordinary will, on a case being properly made out, discharge the securities, by revoking the administration, and granting a new power to some other person, or to the same administrator with other securities; which latter course was pursued in this case. Now the question is, does such discharge release the securities from such liability as attached to them at the time of the revocation of the administration? The power of the Ordinary is in any point of view a very extensive one. But to effect the object of the defendant it must be more extensive than any hitherto given to any tribunal in this country. What do the securities undertake in this case for their principal? The condition of the bond shews. It is in these words. “The condition of the above obligation is such*, that if the above bound A. B. administrator of the goods and chattels and credits of C. D. deceased, do make a true and perfect inventory of all and singular the goods and chattels and credits of the said deceased which have or shall come to the hands, possession or knowledge of the said A. B. or into the hands or possession of any other person or persons for him, and the same so made, do exhibit to the said court, when he shall be thereunto required, and such goods and chattels and credits do well and truly administer according to law, and do make a just and true account of his actings and doings therein when required by the said conrtj and all the rest of the said goods and credits which shall be found remaining upon the account of the said administration, the same beingfirst allowed by the said court, shall deliver and pay unto such persons respectively, as are entitled to the same by law; and in case of a will being, discovered, shall surrender such administration If then the administrator does not pay to those who are entitled by law to receive, there is a breach of the bond, for *417 which the securities are liable. And if they do not administer according to law there is a breach, and for this the securities are also liable. Now the court of equity, a court of competent jurisdiction, have determined that this administrator and administratrix for whom the defendants are bound had not administered accordingto law, in that they had (or one of them had i purchased property -at their own sale for which they had not paid, and ha i omitted to sell other articles which should have been sold. And upon a report of the commissioner touching these matters of default it was decreed that the administrator and administratrix were in default a large sum, to wit, ‡ 354) 50; which they were ordered to pay over to the distributees. These were all liabilities which attached at the time of the discharge. Now’, admitting that the discharge could operate as to future liabilities, it cannot affect those which did exist. There is no power which could release the securities from such. The replication to the plea of discharge then was good,.and the demurrer to the replication was properly overruled.
Under the third ground it was contended that the decree of the court of equity was not conclusive against the securities, because they w'ere not parties, to it.- Their liability is to make good the injury which may be sustained in consequence of the misconduct of their principal. Now ■ in the question, whether their principal has been guilty of any misconduct, they cannot be parties. Jt is not necessary they should be parties; for they cannot be supposed to know every thing about the affairs which are committed to the management of their principal.(a) The security is never sued with the principal in cases in which he is not bound to .do the same thing which the principal undertakes to perform.
The judgment of the court maybe looked into by the securities in order to see that it was rendered against the principal for those acts for which they became responsible. And *418 this leads to the last ground taken, that the decree in this cask 'was for matters for which the administrators were not answerable in their representative capacity, and therefore a new' trial is granted, nisi the plaintiff releases the defendants from the verdict, for all such matters as were not properly chargable to them as administrators; and if such release be not given, the defendants have leave to plead to such matters. The case of Cureton vs. Darby, the other security, depends upon this case, and the same order is made as to that,
BausJcett & Dunlap, for the motion.
O’JYeal & Johnston,.contra.

 See ante 225, the case of Lyles vs. Caldwell.